IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| HORATIO D. BURFORD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 3:11-cv-00115 |
| ) | |
| SONYA TROUTT and SONNY ) | |
| WEATHERFORD, ) | |
| ) | |
| Defendants. ) | |

## ANSWER

Come now the Defendants, by counsel, in further answer to Plaintiff's Complaint, states as follows:

1. The Defendants deny the allegations found in Paragraph 1 of Plaintiff's Complaint.

2. The Defendants deny the allegations found in Paragraph 2 of Plaintiff's Complaint.

3. The Defendants deny the allegations found in Paragraph 3 of Plaintiff's Complaint. The Defendants further assert that, as a protective measure, no inmate at the Sumner County Jail is allowed to wear any form of head dressing or attire. Further, the Defendants claim that Plaintiff is not entitled to the relief requested in his Complaint.

## AFFIRMATIVE DEFENSES

1. To the extent Plaintiff is requesting injunctive relief, such relief is not necessary as Plaintiff has an adequate remedy at law.

2. Plaintiff has failed to exhaust his administrative remedies and therefore Plaintiff's Complaint should be dismissed.

3. The Complaint fails to state a cause of action for which relief may be granted.

4. The injuries alleged are due to the sole negligence of the Plaintiff.

5. The injuries alleged are due to the negligence of others or third-parties for whom these Defendants do not respond to at law.

6. These Defendants deny that they, or officers and/or employees or agents acted negligently, illegally, wrongly, recklessly, fraudulently, outrageously, maliciously, tortiously or in violation of Plaintiff's constitutional rights. However, pursuant to the Tennessee Governmental Tort Liability Act, Tenn. Code Ann. §29-20-101 et seq., immunity is not removed and these Defendants, or officers and/or employees or agents are entitled to immunity for any and all acts or omissions which Plaintiff claims.

7. As further affirmative defense in the alternative, Defendants would show that Plaintiff's own fault/negligence constituted 50% or more of the total fault/negligence causing and contributing to the alleged damages, if any, which bars this claim against these Defendants under the Doctrine of Comparative Fault and that the Plaintiff was at fault/negligence himself in causing and/or contributing to the injuries complained of in Plaintiff's Complaint.

8. As further affirmative defense and in the alternative, Defendants would allege that Plaintiff was guilty of fault/negligence which contributed to his own damages by the percentage from one percent (1%) to forty-nine (49%) of the total fault/negligence contributing to the alleged damages which would thereby reduce the Plaintiff's claim for damages in proportion to the percentage of the total fault/negligence contributed to his pursuant to the doctrine of comparative fault.

9. Any allegation not specifically admitted is hereby denied.

10. The Defendants plead the affirmative defense of qualified immunity.

11. Plaintiff is held to bring his cause of action pursuant to the strict terms of Tenn. Code Ann. §29-20-101 et seq., and, therefore, dismissal is appropriate.

12. Defendants reserve the right following further discovery and investigation to amend their Answer in order to set forth additional affirmative defenses or additional reasons to dismiss the Complaint which may be applicable to this cause of action.

WHEREFORE, Defendants, having answered Plaintiff's Complaint, pray as follows:

1. That Plaintiff's Complaint be dismissed and judgment be entered for these Defendants;

2. That Plaintiff be compelled to reimburse Defendants for their attorneys' fees, costs and expenses of defending this matter; and

3. For any and other such further relief as in the interest of justice may require.

Respectfully submitted,

*s/ Thomas B. Russell*
Leah May Dennen, #12711
Sumner County Law Director
Sumner County Administration Building
355 North Belvedere Drive, Room 303
Gallatin, TN 37066

A. Scott Derrick, #6620
Thomas B. Russell, #26011
GULLETT, SANFORD, ROBINSON
  & MARTIN
315 Deaderick Street, Suite 1100
Nashville, TN 37238
sderrick@gsrm.com; trussell@gsrm.com

**Attorneys for Defendants**

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of March, 2011, a copy of the foregoing **Defendants' Answer** was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

>
> Horatio D. Burford  #22932
> Sumner County Jail
> 117 West Smith Street
> Gallatin, TN  37066
>
> Horatio D. Burford  #22932
> 328 N. Blakemore
> Gallatin, TN  37066

*s/ Thomas B. Russell*